IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Courtney Ridge Landfill, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. |
| | ) |
| Midwest Companies, Inc. | ) |
| d/b/a Midwest Waste Management, | ) |
| Serve: Registered Agent Joseph T. Thompson | ) |
| 3614 West Arrow | ) |
| Marshall, MO 65340, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Courtney Ridge Landfill, LLC ("Courtney Ridge"), by and through counsel, and for its Complaint for Damages against Defendant Midwest Waste Companies, Inc. d/b/a Midwest Waste Management ("Midwest") states and alleges as follows:

## PARTIES

1. At all times hereinafter mentioned, Courtney Ridge was and is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Arizona.

2. On information and believe, Midwest is a corporation existing under the law of the State of Missouri with its principal place of business in the State of Missouri.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction because there is complete diversity of parties and the amount in controversy is greater than $75,000.

4. Defendant Midwest at all relevant times herein conducted substantial business in

the district, and many of the acts, occurrences and/or transactions alleged in this Complaint occurred in this district.

5. The Court has personal jurisdiction over Midwest, who is incorporated in and regularly conducts substantial business in the State of Missouri, including but not limited to performance of the contract at issue in this Complaint.

6. Venue in this Court is proper because Midwest transacts business within this District and a substantial portion of the events giving rise to the claims at issue in this Complaint occurred in this District.

## **GENERAL ALLEGATIONS**

7. At all times hereinafter mentioned, Joseph Thompson was the President and Owner of Midwest.

8. On June 20, 2013, Midwest and Courtney Ridge executed a disposal agreement contract ("the Contract").

9. The Contract established agreed upon disposal fees between Courtney Ridge and Midwest.

10. Those establish disposal fees were prorated based on number of tons disposed of each month.

11. In addition, the Contract provides Midwest shall deliver all waste generated and/or collected by Midwest to the Show-Me Landfill.

12. The contract specifically stated, "This contract is exclusive for all volumes

generated from Midwest Waste Management."

13. The exclusive nature of the contract between Midwest and Courtney Ridge provided Midwest with a pricing model advantageous to Midwest and only available as a result of the commitment by Midwest to exclusively use Courtney Ridge for its waste disposal needs for the entire five year period.

14. The Contract is for a five year term, expiring on June 20, 2018.

15. On March 1, 2017, nearly 15 months before the agreed upon expiration date of the Contract, Midwest ceased delivering waste to the Show-Me Landfill.

16. Midwest indicated that they are not required to comply with the terms of the Contract due to an alleged corporate transaction between Midwest and WCA Corporation.

17. On March 3, 2017, a representative of Courtney Ridge sent notice to Mr. Joseph Thompson of Midwest providing notice to Midwest of their violation of the Contract and providing a 30 day opportunity to cure the violation, pursuant to the terms of the Contract.

18. Following receipt of the March 3, 2017 notice, Midwest has refused and continues to refuse to comply with the terms of the Contract.

19. Midwest continues to violate the Contract by disposing of waste generated at their transfer station at a location other than the Show-Me Landfill.

20. Courtney Ridge calculates Midwest's failure to comply with the Contract results in at least $22,000 in lost profits per month, totaling nearly $220,000 in damages to date.

21. Through the termination of the Contract, damages, in the event Midwest

continues to ignore its contractual duties will be in excess of $300,000.00.

## COUNT I – CLAIM FOR BREACH OF CONTRACT

22. Courtney Ridge adopts, re-alleges, and incorporates herein by reference all allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

23. Courtney Ridge executed the Contract for disposal of waste for valuable consideration, by means of the disposal fees outlined in the Contract.

24. The "Republic Services Disposal Agreement" executed by Courtney Ridge and Midwest is a contract that is valid and enforceable against Midwest.

25. Courtney Ridge has performed all obligations and responsibilities required of it under the Contract.

26. Under the Contract, Midwest was obligated to dispose of all volumes generated at their transfer station at the Show-Me Landfill.

27. Midwest has failed and refused to honor its obligations under the Contract, including but not limited to, its obligation to dispose of all waste generated at its transfer station at the Show-Me Landfill.

28. Despite an opportunity to cure by Courtney Ridge, Midwest has failed and refused, and continues to fail and refuse, to honor its contractual obligations concerning disposal, all in contravention to the terms and conditions of the Contract.

29. As a result of Midwest's breach(es) of its contractual obligations under the Contract by virtue of its refusal to comply with the terms and conditions, Courtney Ridge has been damaged in the sum of at least $330,000, plus foreseeable consequential damages, pre-judgment interest for such liquidated sums and attorney's fees and costs in this action, all to be proven at the time of trial.

WHEREFORE, Courtney Ridge respectfully requests that this Court enter judgment in its favor and against Midwest in the amount of at least $330,000, plus consequential damages, pre-judgment and post-judgment interest, attorney's fees and costs incurred herein, and such additional and further relief as this Court deems just and proper.

## **COUNT II – CLAIM FOR QUANTUM MERUIT**

30. Courtney Ridge adopts, re-alleges, and incorporates by reference all allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

31. Pursuant to and in connection with its Contract with Midwest, Courtney Ridge furnished a location of disposal, with reduced rates, prorated for volume of disposal. All of the agreements for disposal location, price per ton, and exclusivity of disposal are set out in detail in the Contract.

32. Midwest agreed to this disposal location and reduced rates for disposal and used the agreed upon location and rates to perform their disposal activity, for a reduced rate, between June 20, 2013 and March 1, 2017.

33. The failure of Midwest to dispose of the waste exclusively at the Show-Me Landfill is inconsistent with the terms of the Contract and indicates an intent to abandon the Contract executed between Midwest and Courtney Ridge.

34. This abandonment of the contract entitles Courtney Ridge to recover the reasonable value of the work, labor, and materials already supplied by allowing Midwest to dispose of waste at a reduced rate between June 20, 2013 and March 1, 2017.

35. The reduced rate of disposal allowed by Courtney Ridge was for Midwest's use and benefit. Midwest requested this rate and in exchange, agreed to exclusive disposal at Show-Me Landfill.

36. Due to Midwest's premature abandonment of this Contract, Courtney Ridge has not received the full value of the Contract; namely the offer to provide disposal at a reduced rate is not profitable unless the full five year term of disposal is met.

37. Failure to continue the terms of the contract through the remainder of the term results in a loss of profits for Courtney Ridge, and a windfall for Midwest.

38. As a result, Midwest has been unjustly enriched by the unpaid portion of the Contract where reduced rates of disposal had already been provided by Courtney Ridge.

39. Further, Midwest has been unjustly enriched by the reasonable value of the reduced rate of disposal provided by Courtney Ridge between June 20, 2013 and March 1, 2017. Damages for this disposal should be calculated at the difference between the reduced rate provided to Midwest, and the standard rates for commercial disposal for the period between June 20, 2013 and March 1, 2017, all to be proven at the time of trial.

WHEREFORE, Courtney Ridge respectfully requests that this Court enter judgment in its favor and against Midwest in the amount of at least $330,000, plus consequential damages for the reduced rate of disposal granted to Midwest between June 20, 2013 and March 1, 2017, pre-

judgment and post-judgment interest, attorney's fees and costs incurred herein, and such additional and further relief as this Court deems just and proper.

## COUNT III – CLAIM FOR UNJUST ENRICHMENT

40. Courtney Ridge adopts, re-alleges, and incorporates by reference all allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

41. Courtney Ridge and Midwest executed a Contract outlining a reduced rate of disposal for Midwest in exchange for exclusive disposal of waste at the Show-Me Landfill.

42. Midwest has violated the terms of this agreement by failing to exclusively dispose of waste at the Show-Me Landfill.

43. Midwest profited by abandoning this Contract, and engaging in an alleged corporate transaction with WCA Waste Corporation.

44. The terms of the alleged corporate transaction with WCA Waste Corporation, resulting in substantial profits to Midwest, would not have been achieved but for abandonment of the Contract with Courtney Ridge Landfill.

45. Furthermore, Midwest received the benefit of the Contract with Courtney Ridge between June 20, 2013 and March 1, 2017; namely, the opportunity for disposal of waste at a reduced rate that would not have otherwise been granted.

46. Midwest has been unjustly enriched through the profit of their sale to WCA Waste Corporation, achieved through abandonment of the Contract with Courtney Ridge.

47. Midwest has further been unjustly enriched through disposal of waste at a reduced

rate without full execution of the terms of the Contract by which the reduced rate was agreed upon.

WHEREFORE, Courtney Ridge respectfully requests that this Court enter judgment in its favor and against Midwest in the amount of at least $330,000, plus consequential damages for the reduced rate of disposal granted to Midwest between June 20, 2013 and March 1, 2017, pre-judgment and post-judgment interest, attorney's fees and costs incurred herein, and such additional and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Courtney Ridge Landfill, LLC demands a trial by jury for all issues so triable.

Dated: January 4, 2018.

Respectfully submitted,

LATHROP GAGE LLP

By: */s/ Matthew A. Jacober*
Matthew A. Jacober  51585MO
MJacober@LathropGage.com
Pierre Laclede Center
7701 Forsyth Boulevard, Suite 500
Clayton, Missouri  63105
Telephone:  314.613.2800
Telecopier:  314.613.2801

And

Ally Cunningham 64802MO
ACunningham@LathropGage.com
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108
Telephone:  816.292.2000
Telecopier:  816.292.2001

Attorneys for Plaintiff Courtney Ridge Landfill, LLC